UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JAMES CARTER                         CIVIL ACTION NO. 07-1575

VERSUS                               DISTRICT JUDGE DEE D. DRELL

METLIFE                              U.S. MAGISTRATE JUDGE JAMES D. KIRK

**REPORT AND RECOMMENDATION**

This Employees Retirement Income Security Act ("ERISA") case, 29 U.S.C.1001 et seq., is referred to me by the district judge for Report and Recommendation. The case is ready for decision on briefs on the merits in accordance with the ERISA Case Order [Doc. # 4]. Claimant, through counsel, has not seen fit to file a brief, to advise the court the basis for his appeal, or to otherwise assist the court in the resolution of this case.

**Facts**

Claimant, James Carter, was an employee fo Defense Support Services, LLC, and worked as an aircraft mechanic for about 7 months before stopping work on April 30, 2005 due to a urethral stricture condition. Carter was a participant in the company's long term disability benefits plan (Plan). The Plan provides that benefits do not become payable for 180 days. After claimant applied

for benefits and the elimination period had run, Metlife began paying benefits on October 29, 2005. Benefits were terminated on October 6, 2006 for the time period beyond May 26, 2006 based on medical opinion. Carter appealed and on appeal, Metlife determined that Carter was in fact disabled through June 8, 2006, not May 26, 2006. Suit was filed and was removed to this court. Metlife filed a counterclaim for the benefits it claims were paid to Carter, but not owed.

## Standard of Review

In accordance with this court's standing ERISA Case Order, the parties agree that the Group Long Term Disability Plan issued by defendant, Metlife, is an employee welfare benefit plan, as defined by the provisions of ERISA and that this case is governed by ERISA and that all state law claims are preempted. The parties also agree that the Plan provides the administrator with discretionary authority to interpret the provisions of the Plan and to make findings of fact and determine eligibility for benefits. Both Claimant and Defendant agree that the administrative record is complete. However, because the administrator is both insurer and administrator and is thus conflicted, the court may give less deference to the administrator's decision. <u>Vega v. National Life Insurance Services, Inc.</u>, 188 F.3d 287, 299 (5th Cir. 1999).

## **The Medical Records**

The record reveals that Carter stopped working on April 30, 2005 due to a urethral stricture for which he had begun getting medical help from Dr. Meek. Carter underwent surgery and returned to work until he decided to seek additional treatment for the problem. Carter then saw Dr. Cline for a second opinion regarding Dr. Meek's recommendation that he have a urethroplasty. Carter began treatment with Dr. Cline in August 2005 and continued through January 2006. Metlife approved Carter for additional benefits effective October 29, 2005 (taking into account the 180 day elimination period). By February, 2006, Carter had also seen Dr. Secrest who noted that Carter had failed all conservative treatment and that surgery would be necessary in the form of a urethroplasty (as Dr. Meek had previously recommended). The surgery was performed on April 13, 2006. By May 1, 2006 Dr. Secrest noted that Carter was "healing great" and "doing well". In a June 12, 2006, Dr. Secrest opined that Carter was able to return to work within 6 weeks of the April 13th surgery. In an Attending Physician's Report in August, Dr. Secrest stated that Carter would have needed to be off work 4 to 6 weeks post op. Secrest had told Carter that he could return to his regular occupation full time as of May 26, 2006.

In letters dated October 17, 2006 and December 21, 2006, Dr. Secrest states that he believes that, due to Carter's slow healing

process, that he was unable to return to work until after the second surgery in December 2006.

After Carter appealed Metlife's decision terminating benefits, an independent physician consultant was engaged to look at the case. The doctor, Dr. Horowitz, agreed that Carter needed to have been off work only through May 26, 2006, a period of 6 weeks, to recover. Dr Secrest was asked to comment on the findings. Following Secrest's comments, Dr. Horowitz spoke to Secrest who stated that he believed several additional weeks would be needed for claimant to heal before returning to work. Dr. Horowitz then amended his report to state that claimant should be allowed a total of 8, not 6, weeks to recover prior to returning to work. Based on the report, Metlife found on appeal that claimant was entitled to 8 weeks off work.

## Review for Abuse of Discretion

I do not know what claimant's argument is because he did not file a brief. Presumably he challenges the termination of benefits in light of Dr. Secrest's change of mind regarding the time Carter need to be off from work.

"An administrator's decision to deny benefits must be 'based on evidence, even if disputable, that clearly supports the basis for its denial.'" Lain v. UNUM Life Ins. Co. of America, 279 F.3d 337, 342 (5th Cir. 2002).  There must be "concrete evidence" in the administrative record that supports the denial of the claim.  Id.

4

The administrator's decision should be reversed only if it is arbitrary or capricious, that is, if the record lacks substantial evidence to support the Plan Administrator's benefit determination. See Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 215 (5th Cir. 1999).  See also Vega v. Nat'l Life Ins. Servs., 188 F.3d 287, 299 (5th Cir. 1999).

As correctly pointed out by defendant, there is simply no objective medical evidence in the record to support disability beyond June 8, 2006. Benefits were properly terminated as of that date. although Dr. Secrest's change of opinion does make the issue "disputable", there exists concrete evidence in the record to support the administrator's decision.

Therefore, Metlife is entitled to reimbursement, pursuant to its counterclaim, for those amounts paid for the period after June 8, 2006.[1] Carter should be ordered to pay to Metlife the sum of $5,629.83.[2]

### Conclusion

For the foregoing reasons, the Court finds, after reviewing the record and considering Metlife's dual role as insurer and plan administrator, that the decision of the administrator is clearly

---

[1] Although the records show that Carter underwent an additional surgery in December, 2006, there does not appear to be any dispute between the parties as to benefits owed after that surgery.

[2] This is the amount sought by Metlife. Since Carter has failed to file a brief, the amount has not been contested by him and Carter has produced no evidence that the amount is not correct.

supported by substantial and concrete evidence and is thus neither arbitrary and capricious nor an abuse of discretion.

Therefore, IT IS RECOMMENDED that judgment be entered in favor of defendant, Metlife, and against claimant, Carter dismissing Carters appeal and awarding Metlife the sum of $5,629.83.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have five (5) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within five (5) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 24th day of June 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE